# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | 3:14-cr-00072-RCJ-VPC |
| vs. | ) | **ORDER** |
| THOMAS RONALD HOOVER, | ) | |
| Defendant. | ) | |

Defendant Thomas Hoover pled guilty to the single count of the Indictment for being a felon in possession of a firearm.  The Court sentenced Defendant to 42 months of imprisonment, to be followed by three years of supervised release.  Defendant has asked the Court under Rule 35 to amend the judgment to add a recommendation to the Bureau of Prisons for Defendant to participate in the Residential Drug Treatment Program.  Defendant argues that his need for treatment was discussed in the presentence report and at the sentencing hearing. *See United States v. Pinson*, 594 Fed. Appx. 517, 518–19 (10th Cir. 2014) (finding that Rule 35 applied to correct clerical error where the sentencing judge allegedly indicated at sentencing an intent to recommend "FMC Butner" but then wrote "FCI Butner" on the judgment).  Defendant does not, however, argue that the Court intended to include the recommendation but failed to do so due to "arithmetical, technical, or other clear error" in the sentence, which is the only basis for relief under Rule 35.  In other words, unlike in *Pinson*, there is no clerical error to correct here.  Defendant does not argue that he asked the Court to make such a recommendation at the sentencing hearing, and the recording of the hearing indicates no such discussion.  The only discussion concerning Defendant's drug problems were in his own Rule 32(i)(4)(A)(2)

presence statement to the Court.  The only request for any recommendation was Defendant's request for assignment to FCI Sheridan, which request was included in the Judgment.  The presence investigation report indeed indicates an addiction to methamphetamine, but the only recommendation from the U.S. Probation Office is that substance abuse treatment (and mental health treatment) be imposed as a condition of supervised release, not that Defendant be treated while incarcerated.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Correct Judgment (ECF No. 41) is DENIED.

IT IS SO ORDERED.

Dated this 27th day of July, 2015.

_____
ROBERT C. JONES
United States District Judge