# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES,<br><br>      Plaintiff,<br><br>vs.<br><br>THOMAS RONALD HOOVER,<br><br>      Defendant. | Case No. 3:14-cr-00072-RCJ-CLB<br><br>**ORDER** |

Defendant, an inmate at Nevada Southern Detention Center, requests this Court grant him immediate, temporary release due to the COVID-19 pandemic because he is a member of the "most-at-risk" group according to the Centers for Disease Control and Prevention classifications. However, since he is detained pending revocation of supervised release, the Court cannot order the release of Defendant for such a reason and therefore denies the motion.

## BACKGROUND

In 2015, Defendant pleaded guilty to a charge of felon in possession of a firearm, in violation of 18 U.SC. § 922(g). (ECF No. 40.) After two years in prison, he commenced a term of supervised release of three years. After alleged violations of his release terms occurring on March 8, 2020, the Government petitioned the Court to revoke Defendant's supervised release. (ECF

No. 81.) On March 16, 2020, Magistrate Judge Daniel J. Albregts ordered Defendant detained based on a finding that Defendant could not establish by clear and convincing evidence that no condition or combination of conditions would reasonably assure both Defendant's appearance as required and the safety of any other person and the community. (ECF No. 92.)

By the time of the hearing, the dangers of COVID-19 were well-known. For example, the World Health Organization officially classified COVID-19 a pandemic on March 11, *WHO Characterizes COVID-19 as a Pandemic*, World Health Organization (Mar. 11, 2020) at https://www.who.int/dg/speeches/detail/who-director-general-s-opening-remarks-at-the-media-briefing-on-covid-19---11-march-2020, and Governor Steve Sisolak declared a State of Emergency in Nevada on March 12, *Nevada governor forms medical advisory team on COVID-19*¸ ABC 13 KTNV Las Vegas (Mar. 12, 2020) at https://www.ktnv.com/news/gov-sisolak-to-make-announcement-about-covid-19.

At the hearing, Defendant raised the same argument that he is making in the instant motion—he should not be detained because of his medical condition and the COVID-19 pandemic looming. However, he adds that his ongoing medical condition has worsened necessitating an emergency room visit of a hospital on March 20, 2020. Additionally, he claims that counsel visiting him at prison is "unwise" interfering with her ability to effectively represent Defendant.

## LEGAL STANDARD

Federal Rule of Criminal Procedure 32.1(a)(6) governs detention pending revocation of supervised release under 18 U.S.C. § 3143(a). Section 3143(a) dictates that a court "shall" order the detention of person pending revocation of his supervised release term unless the Government recommends no sentence of imprisonment or he demonstrates "a substantial likelihood that a motion for acquittal or new trial will be granted" or "by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community."

These provisions of law are harsher than those which govern detention of a person pending criminal trial and allow a court to temporarily release a person if "necessary for preparation of the person's defense or for another compelling reason." 18 U.S.C. § 3142(i). The rationale behind imposing a more stringent standard for persons on supervised released is that a revocation proceeding is not a new criminal prosecution but part of the defendant's punishment for the underlying case. *United States v. Hulen*, 879 F.3d 1015, 1020 (9th Cir. 2018).

## ANALYSIS

Defendant moves for release under Section 3143(i) for temporary release from Nevada Southern Detention Center arguing that concerns of his susceptibility to COVID-19 constitute a "compelling reason." However, this provision does not apply to Defendant as he is pending a hearing on whether to revoke his supervised release—not trial. Thus, 18 U.S.C. § 3143(a) dictates the applicable standard. Applying the correct standard shows that Defendant "shall" remain in detention because he has not met any of the three exceptions. At the hearing, the Magistrate Judge already made this determination, and Defendant does not argue any of these three exceptions now apply.

Even if the Court could permit Defendant a temporary release for a compelling reason, the Court finds that Defendant has failed to demonstrate one. First, he has not shown that he is more likely to get the virus at Nevada Southern Detention Center than in public. No one at the facility has tested positive for or demonstrated symptoms consistent with the virus. *See United States v. Graves*, 2:20-cr-00009-JAD-VCF. EFC No. 80 (March 25, 2020). Furthermore, the institution is implementing numerous precautionary safety procedures, including quarantining anyone with any illness and screening every new inmate for symptoms of COVID-19 and risks of exposure to the virus.

///

Second, Defendant has not shown that his counsel is unable to adequately represent him. Defendant admits that counsel can still visit him at Nevada Southern Detention Center but claims that visitation is unwise. Assuming that he is correct and that they should not meet in person, Defendant can still confer with counsel, investigators, and experts over the telephone and video conference calls—both of which are allowed at the facility. *See United States v. Chandler*, 316 Fed. App'x 676, 677 (9th. Cir. 2009) (affirming denial of continuance of trial because "extensive face-to-face contact between [the defendant] and defense counsel was not necessary to prepare for trial and counsel could have consulted with [the defendant] by other means, including by telephone"). For these reasons, the Court denies the motion.

## CONCLUSION

IT IS HEREBY ORDERED that Emergency Motion for Temporary Release Under 18 U.S.C. § 3142(i) Due to COVID-19 Pandemic (ECF NO. 93) is DENIED.

IT IS SO ORDERED.

Dated April 1, 2020.

_____
ROBERT C. JONES
United States District Judge